

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 4, 2014**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 13-41409-RFN-11 |
| William R. Stuckeman | § | |
| Susan E. Stuckeman | § | Chapter 11 |
| | § | |
| **DEBTORS** | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF FIRST AMENDED PLAN OF REORGANIZATION

Came on to be considered on the 2nd day of December, 2014, the confirmation hearing with regard to the *First Amended Plan of Reorganization* [Docket No. 41], filed by William R. Stuckeman and Susan E. Stuckeman (the "**Debtors**") on February 26, 2014 ("**Plan**"). The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014 in support of the Confirmation of the Plan. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1. **Due and Sufficient Notice**.  Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2. **Plan Compliance - Bankruptcy Code Section 1129(a)(1)**.  The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3. **Proponent Compliance - Bankruptcy Code Section 1129(a)(2)**.  The Debtors have complied with the applicable provisions of the Bankruptcy Code.

4. **Good Faith - Bankruptcy Code Section 1129(a)(3)**.  The Plan has been proposed in good faith under Section 1129(a)(3) by the Debtors and not by any means forbidden by law and the Debtors are entitled to the protections of Section 1125(e).

5. **Payments - Bankruptcy Code Section 1129(a)(4)**.  Payments made or to be made by the Debtors for services or for costs and expenses in or in connection with the Plan or case have been approved by or are subject to the approval of this Court.

6. **Disclosures - Bankruptcy Code Section 1129(a)(5)**.  This is not applicable in this case.

7. **No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)**.  No governmentally regulated rates are involved in this case.

8. **Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)**.  With respect to the impaired classes of claims or interests, all holders of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. **Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)**. The classes have voted to accept or reject the plan as follows:

    a. Classes 3 and 4 are impaired and have voted to accept the Plan.

    b. Classes 5, 6 and 7 are impaired and have not voted on the Plan.

    c. Classes 1 and 2 are unimpaired and are deemed to have accepted the Plan.

10. **Priority Claims - Bankruptcy Code Section 1129(a)(9)**. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(8) will be paid in accordance with Bankruptcy Code or as per the agreed to provisions of the Plan.

11. **Class Acceptance - Bankruptcy Code Section 1129(a)(10)**. At least one class of claims for the Debtors that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

12. **Feasibility - Bankruptcy Code Section 1129(a)(11)**. The Plan is feasible and confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtors except where liquidation is required by the Plan.

13. **Fees - Bankruptcy Code Section 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provided for the payment of such fees on or before the Plan Closing Date.

14. **Retiree Benefits - Bankruptcy Code Section 1129(a)(13)**. There are no retiree benefits involved in this case.

15. **Domestic Support - Bankruptcy Code Section 1129(a)(14)**. There are no domestic support claims in this case.

16. **Individual Debtor – Bankruptcy Code Section 1129(a)(15).** No unsecured creditor objected to Debtors' Plan.

17. **Transfer of Property - Bankruptcy Code Section 1129(a)(16)**. This provision is not applicable to the Plan.

18. **Secured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(A)**. The treatment provided to secured creditors under the Plan is fair and equitable and meets the cramdown requirements of Section 1129(b)(2)(A).

19. **Unsecured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(B)**. The Debtors will only retain exempt property and section 1115 property under the Plan and the Plan meets the cramdown requirements of Section 1129(b)(2)(B).

## CONCLUSIONS OF LAW

I. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

II. The Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

III. The Debtors have complied with the applicable provisions of the Bankruptcy Code in proposing the Plan.

IV. These findings and conclusions supplement those made by the Court on the record at the conclusion of the confirmation hearing.

# # # End of Order # # #

**Submitted by:**

Shawn K. Brown
TX Bar No. 03170490
The Law Office of Shawn K. Brown PC
PO Box 93749
Southlake TX 76092
(817) 488-6023
Fax (888) 688-4621
Email: shawn@browntrustee.com
**COUNSEL FOR THE DEBTORS**